UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**NIAZY SELIM ET AL**                          **CASE NO. 2:23-CV-00524**

**VERSUS**                                     **JUDGE JAMES D. CAIN, JR.**

**FORTAY ROOFING & CONSTRUCTION       MAGISTRATE JUDGE KAY
LLC ET AL**

### MEMORANDUM RULING

Before the Court is Rule 12(b)(6) Motion to Dismiss (Doc. 11) filed by Defendant CertainTeed LLC ("CertainTeed"). Plaintiffs Niazy Selim and Khedidja Beldjilali oppose the motion. Doc. 17. Defendant has replied. Doc. 18.

### I.  BACKGROUND

This lawsuit arises from a contractual dispute over work performed by Fortay Roofing & Construction, LLC ("Fortay") on Plaintiffs' residence located at 2223 W. Sale Rd, Lake Charles, Louisiana, following damage caused by Hurricanes Laura and Delta.[1] Plaintiffs allege that they were in need of post-hurricane repairs, and Fortay, by holding itself out as very experienced, highly qualified in roofing, and associated with construction work, induced Plaintiffs into a contract for repairs to their home.[2] Plaintiffs allege that Fortay claimed certification from the shingles manufacturer CertainTeed.[3] Plaintiffs claim that the November 9, 2020 contract between Plaintiffs and Fortay identified the details of the work to be performed as follows: "remove and replace roof, remove all materials,

---

[1] Doc. 1-1, p. 6,
[2] *Id.* at 6–7.
[3] *Id.* at 7.

synthetic felt, ice and water shield, same as on house currently (CertainTeed)" and payment was stated only as "insurance proceeds," without reduction for any deductibles.[4] Plaintiffs allege that IES Claim Services, LLC estimated the total cost to correctly perform and complete the contract with Fortay as $174,945.55.[5] Plaintiffs claim that payments were made on February 1, 2021, in the amount of $87,086.78 for repair and roofing; and on February 10, 2021, in the amounts of $8,7500.00 for ice and water shield, and $12,219.00 for copper pan in front of home.[6] Plaintiffs claim that Fortay did not complete the work as agreed to in the November 9, 2020 contract because of its failure to provide adequately skilled labor, unsatisfactory workmanship, violations of ordinances and codes, and failure to follow the detailed manual provided by CertainTeed to Fortay.[7] Due to these alleged acts of breach of contract, Plaintiffs estimate the cost to re-repair the unsatisfactory work done to their home is $199,547.09 and to compensate for the interior damage caused by the unsatisfactory work performed is $265,000.00, totaling $464,547.09.[8] On February 16, 2023, Plaintiffs filed suit in the 14th Judicial District Court, Parish of Calcasieu, Louisiana, against Defendants Fortay and CertainTeed for $500,000.00 in damages for breach of contract, the petition's first cause of action.[9] In the petition's second cause of action, the Plaintiff allege causes of action against CertainTeed for breach of warranty and implied legal duty created by the CertainTeed Shingle Applicator's Manual that Fortay would

---

[4] *Id.* at ¶¶11, 12.
[5] *Id.* at 9, ¶19.
[6] *Id.* at 8, ¶15.
[7] *Id.*
[8] *Id.* at ¶18.
[9] *Id.* at 5–9.

correctly install its products and those products would not be defective.[10] Moreover, Plaintiffs' petition states that when Fortay failed to perform, CertainTeed became "guilty of 'false advertising'" because CertainTeed guaranteed the performance of Fortay to Plaintiffs.[11] The third cause of action alleges that CertainTeed violated the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTPA"), Louisiana Revised Statutes sections 51:1401 *et seq.*[12]

## II. LEGAL STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The Court can also consider documents attached to a motion to dismiss that are "referred to in the plaintiff's complaint and are central to the plaintiff's claim" only if "the plaintiff[] d[oes] not object to . . . consideration of those documents." *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). Courts "may also consider matters of which [it] may take judicial notice." *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (internal citation omitted) (quoting *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir.1996) (unpublished opinion)).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts

---

[10] *Id.* at 11, ¶¶27, 28.
[11] *Id.* at ¶¶29, 30.
[12] *Id.* at 12.

'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III. LAW & ANALYSIS

#### A. Plaintiffs' "Second Cause of Action"

CertainTeed argues that Plaintiffs have failed to allege facts sufficient to establish any contract, implied or express, existed between Plaintiffs and CertainTeed, whereby CertainTeed offered to guarantee or warrant Fortay's performance and Plaintiffs accepted such offer. Plaintiffs counter arguing that CertainTeed's Shingle Applicator's Manual creates a legally enforceable warranty on behalf of the manufacturer and its guaranteed installer, Fortay, to Plaintiffs that Fortay would correctly install and perform and that the products would not be defective.

In review of the Plaintiffs' petition, it is unclear to the Court what Plaintiffs are alleging as the legally recoverable theory against CertainTeed; that is, is it a breach of contract between Plaintiffs and CertainTeed,[13] a breach of warranty against redhibitory defects under Louisiana Civil Code articles 2520–48,[14] or a breach of express warranty

---

[13] Louisiana Civil Code article 2529 provides: "When the thing the seller has delivered, though in itself free from redhibitory defects, is not of the kind or quality specified in the contract or represented by the seller, the rights of the buyer are governed by other rules of sale and conventional obligations."

[14] Louisiana Civil Code article 2520 provides: "The seller warrants the buyer against redhibitory defects, or vices, in the thing sold. A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale. A defect is redhibitory also when, without rendering the thing

claim under the Louisiana Products Liability Act ("LPLA"), Louisiana Revised Statutes sections 9:2800.51 *et seq.*[15] First, the Court finds no sufficiently plead contract between CertainTeed and Plaintiffs. Plaintiffs' petition intimates that a contract between CertainTeed and Plaintiffs came about from CertainTeed's website and broadcasting advertisements promoting the use of its roofing products. Louisiana Civil Code article 1927 provides:

> A contract is formed by the consent of the parties established through offer and acceptance. Unless the law prescribes a certain formality for the intended contract, offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent. Unless otherwise specified in the offer, there need not be conformity between the manner in which the offer is made and the manner in which the acceptance is made.

"In Louisiana and elsewhere a newspaper advertisement may constitute an offer, acceptance of which will consummate a contract and create an obligation in the offerer to perform according to terms of the published offer." *Johnson v. Cap. City Ford Co.*, 85 So. 2d 75, 79 (La. Ct. App. 1st 1955). However, the advertisement must be "certain and definite enough to constitute a legal offer." *Id.* Here, Plaintiffs have plead that CertainTeed encouraged use of its construction products, declared itself a "leading manufacturer," used a website to refer the general public to professionals in his or her area, and held itself out

---

totally useless, it diminishes its usefulness or its value so that it must be presumed that a buyer would still have bought it but for a lesser price. The existence of such a defect limits the right of a buyer to a reduction of the price."

[15] The LPLA "establishes the exclusive theories of liability for manufacturers for damage caused by their products." La. R.S. §2800.52 (2023); *Brown v. R.J. Reynolds Tobacco Co.*, 52 F.3d 524, 526 (5th Cir.1995); *see also Touro Infirmary v. Sizeler Architects*, 947 So. 2d 740, 744. (La. Ct. App. 4th Cir. 2006) ("[T]he breach of express warranty is encompassed by the LPLA and is no longer viable as an independent theory of recovery against a manufacturer."); *Jefferson v. Lead Indus. Ass'n, Inc.*, 930 F. Supp. 241, 244–45 (E.D. La. 1996), *aff'd*, 106 F.3d 1245 (5th Cir. 1997) ("A plaintiff may not recover from a manufacturer for damage caused by a product on the basis of any theory of liability not set forth in the LPLA.").

.

as being founded in 1904. These factual allegations are insufficient to permit a reasonable inference that CertainTeed's advertisements were certain and definite offers to Plaintiffs by which their acceptance formed a contract.

If Plaintiffs are attempting to establish liability against CertainTeed for breach of warranty against redhibitory defects, then the factual allegations must set out the cause of action between the CertainTeed as the seller and Plaintiffs as the buyer. Here, the facts plead are insufficient to establish that Plaintiffs purchased the products directly from CertainTeed.

Without a contractual relationship between themselves as buyer and CertainTeed as seller, the LPLA provides a source for claims against CertainTeed as the manufacturer. *See* La. R.S. §2800.52 (2023). Under the LPLA, a claimant has the option to assert a claim based on a manufacturing defect, a design defect, an inadequate warning, or nonconformity to express warranty. *Id.* §§2800.55–58. Plaintiffs' petition claims that CertainTeed's Shingle Applicator's Manual warrantied CertainTeed's products and Fortay's performance in installing the products (shingles).[16] Also, Plaintiffs petition generally asserts that the shingles are defective.[17] In all, Plaintiffs claims under the LPLA are vague; thus, the Court will give Plaintiffs leave to amend in order to clarify their claims.

## B. LUTPA Claims

Claims under the LUTPA, Sections 51:1401 *et seq.*, "shall be subject to a liberative prescription of one year running from the time of the transaction or act which gave rise to

---

[16] Doc. 1-1, p. 11, ¶28.
[17] *Id.*

this right of action." Plaintiff alleges that the contract giving rise to claims under the LUTPA was signed on November 9, 2020. Plaintiffs' estimate was performed on January 11, 2021. Plaintiffs' invoices for alleged unsatisfactory performed work occurred on February 1 and 10, 2021. Plaintiffs filed their petition in state court on February 16, 2023. On the face of the petition, Plaintiffs' LUTPA claims are time barred.

## IV. CONCLUSION

For the reasons stated above, **IT IS ORDRED** that the Motion to Dismiss (Doc. 11) will be **GRANTED IN PART** as to Plaintiffs' claims under Louisiana Revised Statutes sections 51:1404 *et seq*, which will be **DISMISSED WITH PREJUDICE**, and **DENIED IN PART** as to other claims against CertainTeed in order to allow Plaintiffs the opportunity to amend their complaint within fourteen (14) days of this order. Thereafter, CertainTeed may reassert its motion to dismiss if warranted. Failure to amend will result in an automatic dismissal of these remaining claims.

**THUS DONE AND SIGNED** in Chambers on this 29th day of June 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**