# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

**NIAZY SELIM AND KHEDIDJA BELDJILALI**

**VERSUS**

**FORTAY ROOFING AND CONSTRUCTION, LLC; AND CERTAINTEED, LLC**

CIVIL ACTION NO. 2:23-cv-00524

DISTRICT JUDGE JAMES D. CAIN, JR.

MAGISTRATE JUDGE KATHLEEN KAY

## PLAINTIFF'S FIRST AMENDED AND SUPPLEMENTAL PETITION

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs, **Niazy Selim** and **Khedidja Beldjilali**, who submit the following opposition:

1) In response to a Motion to Dismiss under Federal Rule 12(b)(6), filed by **CERTAINTEED**, the Court **dismissed In Part**, Plaintiffs' claims under La. Revised Statutes sections 51:1404 et seq, but **denied In Part** dismissal of Plaintiffs' other claims., and granted leave to amend.

2) Petitioners now amend and supplement their petition as follows:

a) **CERTAINTEED** was guilty of unfair and deceptive acts or practices in the conduct of its trade or commerce as a roofing material manufacturer, by using various social media platforms and other public messages directed specifically to homeowners AND purchasers of roofing materials to be installed by various contractors, and **CERTAINTEED** guaranteed or warranted to such persons, and Plaintiffs the roofing

materials and the installation work by certain contractors including **FORTAY**, all as shown further below.

b) Petitioners were in unequal and unfair bargaining position as the result of having catastrophic, residential hurricane losses including their home's roof.

c) Petitioners relied directly on such **CERTAINTEED** warranties and guarantees AS TO THE ROOFING MATERIALS AND THE CONTRACTOR, **FORTAY** for repair and replacement, and signed the **FORTAY** contract presented.

d) The warranties and guarantees publicly promised by **CERTAINTEED** were Titled and clearly expressed in certain ways such as**: "CERTAINTEED CREDENTIALING PROGRAMS; MASTER SHINGLE APPLICATOR; CERTAINTEED SHINGLE MASTER CERTIFIED; CERTAINTEED CONTRACTOR WARRANTY"**, and others, which amounted also to implied and/or presumed contracts, which were actively breached, after detrimental reliance, giving rise to consequential damages as shown herein.

e) Petitioners especially relied on such promised contractor warranties by **CERTAINTEED** as to **FORTAY** when **FORTAY** furnished evidence of its status to Petitioners in the form of a printed document, or 168-page detailed instruction Manual, titled "**CERTAINTEED SHINGLE APPLICATOR MANUAL**".

f) The Manual clearly guaranteed that **FORTAY** would perform correctly, and invited Petitioners to rely on the Manual which they did by contracting with **FORTAY** to install **CERTAINTEED** roofing materials.

g) As further alleged in this Petition, Defendant **FORTAY** breached the printed Warranty and Guarantee promised by **CERTAINTEED**, and promised by **FORTAY** as well, making them liable in solido herein.

h) The publication of the warranty and guarantees in the manner alleged, on social media into Louisiana and other states, in various ways, including the printed Manual supplied by **CERTAINTEED** for use by **FORTAY**, gives rise to possible discovery of facts showing requirements and violation of the Magnuson-Moss Warranty Act, the Federal Trade Commission, Louisiana Statutes such as R.S. 51:1405 because of unfair and/or deceptive acts or practices in the conduct of its trade or commerce.

i) Violation of applicable laws and regulations by failing to perform diligently and correctly the agreed installation and repair, has caused substantial damage from the beginning of the work, and the damage has continued without interruption, on each rainfall and between the rain events, and expensive and extensive repairs by others remain underway, since **FORTAY** has refused, despite amicable demand.

j) Defendant **CERTAINTEED** failed to ascertain the lack of **FORTAY'S** skill and ability, and therefore recklessly, falsely, and negligently informed Petitioners and the public that **FORTAY** was dependable, and worthy of trust and confidence.

k) Except for the many publicized guarantees, and the specific guarantee as to **FORTAY** issued to Petitioners, they would not have retained **FORTAY** for roofing work.

l) **CERTAINTEED** sought, and obtained, sales of its roofing products, by issuing false information to Petitioners, and the public as well.

m) Such gross failures by **CERTAINTEED**, bordering on intentional, or intentional, may amount to actionable fraud, depending on revelations in discovery.

n) **CERTAINTEED** certainly had knowledge of the occurrence of Hurricane Laura in Louisiana about 8/27/20, shown by the registration of **CERTAINTEED** (based in Georgia) in the La. Secretary of State's Office on 9/22/20, with its expectation of desperate and demanding (even pleading) homeowners with no time or opportunity for them to pursue due diligence, and thus not likely to question the **CERTAINTEED** guarantees of product and contractors, even if questionable on their face. The likelihood of unfairness and deception is evident.

o) Thus, **CERTAINTEED** directly and knowingly profited by issuance of unfulfilled, implied contractual guarantees and warranties, obtained by taking advantage of emergency conditions and major financial stress of its potential customers, who were acting in reasonable reliance and good faith on such warranties and guarantees, later proven detrimental.

p) The acts and omissions of **CERTAINTEED** combined with the acts and omissions of **FORTAY** directly caused the ongoing and continuous damage to Petitioners' home, rendering them both individually, jointly, and solidarily liable for reasonable compensation for tortious and contractual damage to Petitioners, under various state and federal laws, regulations, codes, and ordinances, pled herein by reference.

3) Petitioners reiterate by reference all prior remaining claims in their original Petition.

**WHEREUPON**, Petitioners pray for judgment in their favor and against Defendants, in solido, for a sum equal to reasonable compensation for the alleged tortious and contractual damages suffered, and to be suffered to the home of Petitioners, and themselves, plus court costs and legal interest.

Petitioners further pray for all equitable relief to which they may be entitled.

Respectfully submitted,

Maurice L. Tynes & Associates, PLC

By: *Maurice L. Tynes*

**MAURICE L. TYNES, BAR ROLL #12974**
4839 Ihles Road
Lake Charles, Louisiana 70605
Telephone: 337.479.1173
Fax: 337.479.1287
maurice@tyneslaw.com
**Counsel for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify a true and correct copy of the foregoing has been served on all counsel of record this 13th day of JULY, 2023, by e-mail, fax, or mail postage pre-paid.

*Maurice L. Tynes*
Maurice L. Tynes

Service of Summons on **CERTAINTEED** will be on its current counsel of record, and on FORTAY by Long Arm Service under Louisiana law.