UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **NIAZY SELIM ET AL** | **CASE NO. 2:23-CV-00524** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **FORTAY ROOFING & CONSTRUCTION LLC ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is a Second Rule 12(b)(6) Motion to Dismiss (Doc. 24) filed by Defendant CertainTeed LLC ("CertainTeed"). Plaintiffs Niazy Selim and Khedidja Beldjilali oppose the motion. Doc. 26. Defendant has replied. Doc. 27.

## I. BACKGROUND

This lawsuit arises from a contractual dispute over work performed by Fortay Roofing & Construction, LLC ("Fortay") on Plaintiffs' residence located at 2223 W. Sale Rd, Lake Charles, Louisiana, following damage caused by Hurricanes Laura and Delta.[1] Plaintiffs allege that they were in need of post-hurricane repairs, and Fortay, by holding itself out as very experienced, highly qualified in roofing, and associated with construction work, induced Plaintiffs into a contract for repairs to their home.[2] Plaintiffs allege that Fortay claimed certification from the shingles manufacturer CertainTeed.[3] Plaintiffs claim that the November 9, 2020 contract between Plaintiffs and Fortay identified the details of the work to be performed as follows: "remove and replace roof, remove all materials,

---
[1] Doc. 1-1, p. 6,
[2] *Id.* at 6–7.
[3] *Id.* at 7.

synthetic felt, ice and water shield, same as on house currently (CertainTeed)" and payment was stated only as "insurance proceeds," without reduction for any deductibles.[4] Plaintiffs allege that on January 11, 2021, IES Claim Services, LLC estimated the total cost to correctly perform and complete the contract with Fortay as $174,945.55.[5] Plaintiffs claim that payments were made on February 1, 2021, in the amount of $87,086.78 for repair and roofing; and on February 10, 2021, in the amounts of $8,7500.00 for ice and water shield, and $12,219.00 for copper pan in front of home.[6] Plaintiffs claim that Fortay did not complete the work as agreed to in the November 9, 2020 contract because of its failure to provide adequately skilled labor, unsatisfactory workmanship, violations of ordinances and codes, and failure to follow the detailed manual provided by CertainTeed to Fortay.[7] Due to these alleged acts of breach of contract, Plaintiffs estimate the cost to re-repair the unsatisfactory work done to their home is an amount of $199,547.09, as well as an amount of $265,000.00 to compensate for the interior damage caused by the unsatisfactory work performed, which totals an amount of $464,547.09.[8] On February 16, 2023, Plaintiffs filed suit in the 14th Judicial District Court, Parish of Calcasieu, Louisiana, against Defendants Fortay and CertainTeed for $500,000.00 in damages.[9]

On June 29, 2023, following a motion to dismiss by Defendant CertainTeed, the Court dismissed with prejudice Plaintiff's claims that CertainTeed violated the Louisiana

---

[4] *Id.* at ¶¶11, 12.
[5] *Id.* at 9, ¶19.
[6] *Id.* at 8, ¶15.
[7] *Id.*
[8] *Id.* at ¶18.
[9] *Id.* at 5–9.

Unfair Trade Practices and Consumer Protection Law ("LUTPA"), Louisiana Revised Statutes sections 51:1401 *et seq.*[10] The Court then ordered Plaintiffs to amend their complaint to clarify their claims under the Louisiana Products Liability Act ("LPLA"), for breach of contract, and for breach of warranty against redhibitory defects under Louisiana Civil Code articles 2520–48.[11]

## II. LEGAL STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The Court can also consider documents attached to a motion to dismiss that are "referred to in the plaintiff's complaint and are central to the plaintiff's claim" only if "the plaintiff[] d[oes] not object to . . . consideration of those documents." *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). Courts "may also consider matters of which [it] may take judicial notice." *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (internal citation omitted) (quoting *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir.1996) (unpublished opinion)).

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*,

---

[10] Doc. 20.
[11] Doc. 19, p. 4–5.

495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III. LAW & ANALYSIS

#### A. Plaintiffs' breach of contract claims against CertainTeed will be dismissed

In its Second Rule 12(b)(6) Motion to Dismiss, CertainTeed argues that Plaintiff has, again, failed to allege facts that establish the existence of a contract with CertainTeed.[12] Plaintiff does not attempt to controvert CertainTeed's argument that the complaint fails to allege facts showing that a contract existed between Plaintiffs and CertainTeed. Plaintiff's First Amended and Supplemental Petition must set out facts that establish an existence of a contract; that is, at a minimum, some facts "showing mutual intention to contract." *Morphy, Makofsky & Masson, Inc. v. Canal Place 2000*, 538 So. 2d 569, 573 (La. 1989). Plaintiff's amended complaint fails to meet this standard. Plaintiff claims the alleged warranties and guarantees were "publicly promised." Just as the Court laid out in its June 29, 2023 Memorandum Ruling, advertisements or announcements alone do not amount to certain and definite offers to Plaintiffs by which their acceptance formed a contract. Plaintiffs' First Amended and Supplemental Petition fails to allege facts that a contract was formed between CertainTeed and Plaintiffs that guaranteed or warrantied Fortay's performance.

---

[12] Doc. 24-1, p. 10.

### B. Plaintiffs' breach of warranty against redhibitory defects will be dismissed

Likewise, with a claim for breach of warranty against redhibitory defects, the facts must allege a cause of action between CertainTeed as a seller and Plaintiffs as a buyer; however, here, Plaintiffs allege that they purchased a service from the contractor Fortay to install CertainTeed type shingles, not the shingle manufacturer CertainTeed.

### C. Plaintiffs' LPLA claims will be dismissed

To recover against third-party manufacturer in Louisiana, the LPLA, Louisiana Revised Statutes sections 2800.55–88 provide causes of action for defects and breach of express warranty. Plaintiffs' amended complaint is void of facts alleging CertainTeed's shingle was defective or that its shingle did not conform to an express warranty. Also, Plaintiffs filed suit in state court on February 16, 2023, which is 829 days from the formation of the November 9, 2020 contract between Plaintiffs and Fortay. Furthermore, suit was filed in state court 766 days from January 11, 2021, when IES Claim Service performed an estimate for the total cost to correctly perform and complete the contract with Fortay.[13] Claims under the LPLA have a prescriptive period of one year, which begins from the day the injury occurs or when damage is sustained. La. Civ. Code art. 3492 (2023).

### D. Plaintiffs' LUTPA claims

As to any of Plaintiffs' claims under the LUTPA in the amended complaint, those claims were dismissed with prejudice in the Court's June 29, 2023 Judgment.[14] The remaining claims that Plaintiffs raise in their amended complaint are being asserted for the

---

[13] Doc. 1-1, p. 9.
[14] Doc. 20.

first time. The Court specifically stated in its June 29, 2023 Memorandum Ruling that Plaintiff was being permitted to clarify their claims, not add new ones. The Court, however, will address each in turn.

### E. Plaintiffs' detrimental reliance claims will be dismissed

First, CertainTeed argues that Plaintiffs' detrimental reliance claims fail because CertainTeed never made a promise to Plaintiff that it would guarantee or warrant the performance of Fortay in connection with Plaintiffs' contract with Fortay.[15] In Louisiana, detrimental reliance is defined under "cause" in Louisiana Civil Code article 1967. "An obligation cannot exist without a lawful cause," *id.* art. 1966 (2023), and "[c]ause is the reason why a party obligates himself," *id.* art. 1967 (2023). Detrimental reliance means that

> [a] party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise. Reliance on a gratuitous promise made without required formalities is not reasonable.

*Id.* The Louisiana Supreme Court has stated that "[t]o establish detrimental reliance, a party must prove three elements by a preponderance of the evidence: (1) a representation by conduct or word; (2) justifiable reliance; and (3) a change in position to one's detriment because of the reliance." *Luther v. IOM Co. LLC*, 130 So. 3d 817, 825 (La. 2013). Here, CertainTeed argues that Plaintiffs have failed to allege sufficient facts to show that CertainTeed promised Plaintiffs that it would guarantee Fortay's performance as a roofing

---

[15] Doc. 24-1, p. 19.

contractor.[16] The amended petition alleges that Plaintiffs relied on promises contained in a CertainTeed Shingle Applicator Manual that Fortay provided to Plaintiffs. The Fifth Circuit defined promise under a detrimental reliance theory as "an assurance to do or not do something in the future." *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 232 (5th Cir. 2018). Under this definition, Plaintiffs' claim of detrimental reliance fails because, as alleged in the amended complaint, CertainTeed would be promising or assuring that Fortay would do or not do something in the future.[17] Additionally, the complaint alleges that Fortay—not CertainTeed—furnished the manual to Plaintiffs.[18] Even if Plaintiffs were to establish detrimental reliance, or cause, they would still be required to plead sufficient facts that establish the remaining elements of a contract; that is, capacity, La. Civ. Code arts. 1918-26, consent, *id.* arts. 1927–47, object, *id.* arts. 1971–77. The Court has previously determined that Plaintiffs failed to allege sufficient facts in the amended complaint that consent was formed between them and CertainTeed.

### F. Plaintiffs Magnuson–Moss Warranty Act ("MMWA") claims will be dismissed

Next, CertainTeed argues that Plaintiffs' claim for violation of the MMWA has prescribed and, alternatively, fails to allege the existence of a service contract with CertainTeed.[19] Plaintiffs do not controvert CertainTeed's arguments. First, Plaintiffs' amended complaint asserts that "[t]he publication of the warranty and guarantees . . . on social media . . . in various ways, including the printed Manual supplied by CertainTeed

---

[16] Doc. 24-1, p.
[17] Doc. 23, p. 2, ¶2.e.
[18] *Id.*
[19] Doc. 24-1, p. 20–21.

for use by Fortay, gives rise to possible discovery of facts showing requirements and violation of the Magnuson-Moss Warranty Act . . . ."[20] The "MMWA creates a statutory cause of action for consumers 'damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation [imposed by the Act] or [established by] a written warranty, implied warranty, or service contract.'" *Walton v. Rose Mobile Homes LLC*, 298 F.3d 470, 474 (5th Cir. 2002) (quoting 15 U.S.C. § 2310(d)(1)). Plaintiffs' amended complaint fails to plead facts that establish service contract between CertainTeed and Plaintiffs as well as facts that show CertainTeed expressly or impliedly warrantied the workmanship of a third-party, Fortay. Pleading that discovery will give rise to facts showing a violation of the MMWA is insufficient to survive a motion to dismiss.

Additionally, Plaintiffs' MMWA claims are time barred. The MMWA follows the statute of limitations from the state in which the alleged breach of warranty happened. *Baker v. BMW of N. Am., LLC*, No. CV 20-274, 2021 WL 1577837, at *4 n.2 (E.D. La. Apr. 22, 2021); *Harris v. BMW of N. Am., LLC.*, No. 4:19-CV-00016, 2020 WL 7074878, at *3 (E.D. Tex. Dec. 3, 2020). Thus, under Louisiana Civil Code article 2534, Plaintiffs "had one year from the day that [they] discovered the defect to bring suit." *Baker*, 2021 WL 1577837, at *4. CertainTeed argues that Plaintiffs would have had notice when the IES Claim Service estimate was done in January 2021, which is 766 days from when this suit was filed, exceeding the one-year statute of limitations.

### G. Plaintiffs have no private right of action under the Federal Trade Commission Act

---

[20] Doc. 23, p. 5, ¶2.h.

CertainTeed next argues that Plaintiffs claim that CertainTeed violated "the Federal Trade Commission" is baseless because they have no standing to assert such claim. Plaintiffs do not dispute this and provides the Court with no authority stating otherwise. "Congress's omission of a private right of action in the FTCA controls." *Arruda v. Curves Int'l, Inc.*, 861 F. App'x 831, 835 (5th Cir. 2021). Accordingly, Plaintiffs have no standing to bring a claim under the FTCA.

### H. Plaintiffs' "false advertising" claims will be dismissed

CertainTeed's last argument is that Plaintiffs' claims for fraud and misrepresentation should be dismissed because they are prescribed on the face of the petition under a one-year prescriptive period pursuant to Louisiana Civil Code article 3492. Plaintiffs respond arguing that it sets forth facts alleging "false advertising," which is defined by Wikipedia as "the act of publishing, transmitting, or otherwise publicly circulating an advertisement containing a false claim."[21] Plaintiffs then cite to Merriam-Webster and Cornell Law School's "Legal Information Institute" to argue that they have an actionable claim under Section 43(a) of the Lanham Act.[22] The Lanham Act provides:

> (a) Civil action
>
> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another

---

[21] Doc. 26, p. 2.
[22] *Id.*

> person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C.A. § 1125. Under Section 1125(a), "statutory cause of action extends only to plaintiffs whose interests fall within the zone of interests protected by the law invoked." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129 (2014) (internal quotations omitted). And

> to come within the zone of interests in a suit for false advertising under § 1125(a), a plaintiff must allege an injury to a commercial interest in reputation or sales. A consumer who is hoodwinked into purchasing a disappointing product may well have an injury-in-fact cognizable under Article III, but he cannot invoke the protection of the Lanham Act—a conclusion reached by every Circuit to consider the question.

*Lexmark*, 572 U.S. 131–32. Plaintiffs do not allege an injury to any commercial interest in reputation or sales. On top of that and similar to Plaintiffs' MMWA claim, the Lanham Act uses an analogous state statute of limitations, *Sharif v. New Orleans Metro. Convention & Visitors Bureau, Inc.*, No. CIV.A. 08-4891, 2009 WL 701731, at *2 (E.D. La. Mar. 17, 2009), which here is one year under Louisiana Civil Code article 3492. *Semien v. Harpo Films, Inc.*, No. CV 17-0432, 2020 WL 355896, at *3 (W.D. La. Jan. 21, 2020); *see also Snowizard, Inc. v. Robinson*, No. 11-0515, 2011 WL 2681197, at *9 (E.D. La. July 8, 2011) (applying LUTPA's one-year statute of limitations to Lanham Act claims). Accordingly, the limitations period accrued, at the latest, on the date of the IES Claim Service Estimate as plead in the state court petition, January 11, 2021, which makes Plaintiffs Lanham Act

claims time barred. To boot, Louisiana Civil Code article 3492's one-year prescriptive period precludes any Louisiana fraud or tort claims by Plaintiffs that arose from the January 11, 2021 IES Claim Service estimate.

And lastly, to Plaintiffs' argument that their amended complaint pleads that CertainTeed's acts and omissions combined with the acts and omissions of Fortay directly cause "ongoing and continuous damage to [Plaintiffs'] home," the pleading of a continuing tort is inapposite for the events that give rise to Plaintiffs' cause of action, and the Court is not persuaded by such argument, especially as it appears as an attempt to evade prescription. *See Crump v. Sabine River Auth.*, 737 So. 2d 720, 726 (La. 1999) ("[I]n cases where property has been injured or damaged, and the continuing tort theory is inapplicable, either because the operating cause of the injury is discontinuous or because the damages are not successive, prescription runs from the date that knowledge of such damage was apparent or should have been apparent to the injured party."). Thus, on the face of their complaint, Plaintiffs had notice of any damage stemming from Fortay's performance no later than January 11, 2021, from the IES Claim Services, LLC estimate.

## IV. CONCLUSION

For the reasons stated above, **IT IS ORDRED** that CertainTeed's Second Motion to Dismiss (Doc. 24) will be **GRANTED**, and all claims against Defendant CertainTeed will be dismissed with prejudice.

**THUS DONE AND SIGNED** in Chambers on this 12th day of September 2023.

*[signature]*

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**